IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TONY LaMONTE GREENE, | ) |
| Petitioner, | ) |
| v. | ) Case No. 21-CV-0446-GKF-SH |
| SCOTT NUNN, | ) |
| Respondent. | ) |

**OPINION AND ORDER**

Petitioner Tony LaMonte Greene, a state inmate appearing *pro se*,[1] brings this action, under 28 U.S.C. § 2254, to challenge his custody under the judgment entered against him in the District Court of Tulsa County, Case No. CF-2011-4734. Respondent Scott Nunn moves to dismiss Greene's petition for writ of habeas corpus, claiming relief is barred by 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations. Having considered Greene's petition (Dkt. 1), Nunn's motion to dismiss (Dkt. 7) and brief in support (Dkt. 8), and Greene's response briefs (Dkts. 9, 10),[2] the Court finds and concludes that the statute of limitations bars relief as to the claims raised in the petition. The Court therefore grants Nunn's motion and dismisses Greene's petition.

**A.    Background**

Greene pleaded guilty, on March 12, 2012, to two counts of lewd molestation, and the trial court sentenced him to serve a 20-year prison sentence followed by a 5-year prison sentence.

---

[1] Because Greene appears without counsel, the Court liberally construes his pleadings. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Greene filed a response to the dismissal motion on January 21, 2022, and a supplemental response to the dismissal motion on January 27, 2022, to assert an argument he inadvertently omitted from the response. With the benefit of the prison mailbox rule, Green filed both responses before the response deadline. *See* Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts* (discussing date inmate pleadings may be deemed filed). The Court therefore has considered Greene's arguments against dismissal as presented in both responses.

Dkt. 1, at 1; Dkt. 8-1, at 6.[3]  Greene did not move to withdraw his plea and did not seek direct review of his judgment by filing a certiorari appeal in the Oklahoma Court of Criminal Appeals (OCCA).  Dkt. 1, at 2; Dkt. 8-1, at 6-9; Dkt. 8-2, at 10.  Greene filed a motion for judicial review in state district court on December 28, 2012, and the trial court denied that motion on January 11, 2013.  Dkt. 8-1, at 9.

Over three years later, Greene began seeking postconviction relief.  First, on August 22, 2016, he filed an application for postconviction relief (APCR) claiming (1) the trial court lacked jurisdiction to impose a term of three-years' post-imprisonment supervision, (2) his trial counsel performed deficiently and prejudicially, in violation of his Sixth Amendment right to counsel, (3) the lack of state sentencing guidelines resulted in a sentence that violates due process, and (4) his post-sentencing efforts at rehabilitation entitled him to a sentencing modification.  Dkt. 8-2, at 1, 9.  The state district court denied Greene's APCR on August 1, 2017, and Greene filed a postconviction appeal in the OCCA.  Dkt. 8-1, at 16; Dkt. 8-2, at 8-14.  In his postconviction appellate brief, Greene identified four "questions presented."  Dkt. 8-2, at 3.  As relevant to this habeas proceeding, Green asked, "Does the State of Oklahoma have jurisdiction to prosecute an Indian accused of committing the offense of lewd molestation in Indian Country?"  Dkt. 8-2, at 3, 6-7.  Greene alleged he is an "Indian" within the meaning of 18 U.S.C. §§ 1151-1153 and that he committed his crimes in "Indian Country" because "all parts" of Tulsa County are part of a reservation.  Dkt. 8-2, at 6.  With his appellate brief, Greene submitted a signed affidavit, dated August 28, 2017, averring that he is 1/16 Cherokee, and a map identifying "Tribal Jurisdictions in Oklahoma."  Dkt. 8-2, at 15-17.  The OCCA affirmed the denial of postconviction relief on March 21, 2018.  Dkt. 8-3, at 2.

---

[3] For consistency, the Court's citations refer to the CM/ECF header pagination.

Five days later, on March 26, 2018, Greene filed a second APCR presenting one claim: "Trial Court lacked subject matter jurisdiction because [Greene] is an Indian and the crime occurred in Indian Country." Dkt. 8-4, at 1, 8. The state district court denied that application on April 24, 2018, reasoning that Greene's claim was "premature" because it was "based solely" on the United States Court of Appeals for the Tenth Circuit's holding in *Murphy v. Royal*, 875 F.3d 896 (10th Cir. 2017) ("*Murphy I*"), *aff'd sub nom. Sharp v. Murphy*, 140 S. Ct. 2412 (2020) ("*Murphy II*"), which, at that time, had been stayed pending review by the United States Supreme Court. Dkt. 8-4, at 8-9. Greene filed a postconviction appeal, asserting, in part, that the state district court erred in failing to consider his claim on the merits. Dkt. 8-4, at 3-4. The OCCA affirmed the denial of postconviction relief on November 7, 2018. Dkt. 8-5, at 2.

On July 9, 2020, the Supreme Court issued two decisions relevant to Greene's claim that the trial court lacked jurisdiction over his prosecution—*McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), and *Murphy II*. *McGirt* reached the Supreme Court via a petition for writ of certiorari filed by an Oklahoma state prisoner who sought review of the OCCA's decision denying his application for postconviction relief. *See McGirt v. Oklahoma*, 140 S. Ct. 659 (Dec. 13, 2019) (granting petition for writ of certiorari). Like the habeas petitioner in *Murphy I*, the prisoner in *McGirt* claimed that because he is Native American, the State lacked jurisdiction to prosecute him for serious offenses he committed within the boundaries of the Muscogee (Creek) Nation Reservation. *McGirt*, 140 S. Ct. at 2459; *Murphy I*, 875 F.3d at 928. The *McGirt* Court held that because Congress did not disestablish the Muscogee (Creek) Nation Reservation the land within the historical boundaries of that reservation is "Indian country," as defined in 18 U.S.C. § 1151(a), and, as a result, the federal government has exclusive jurisdiction to prosecute certain crimes committed within those boundaries if those crimes are committed by or against Native Americans. *McGirt*, 140 S. Ct. at 2468, 2479-80. Relying on *McGirt*, the Supreme Court in *Murphy II*

3

summarily affirmed the Tenth Circuit's 2017 decision, in *Murphy I*, that had reached the same conclusion. *Murphy II*, 140 S. Ct. at 2412.

On July 17, 2020, eight days after the Supreme Court issued its decisions in *McGirt* and *Murphy II*, Greene filed a third APCR, reasserting his claim that the trial court lacked jurisdiction to prosecute him for crimes he committed in Indian country. Dkt. 8-6, at 1, 4. Following a hearing on February 4, 2021, the state district court denied Greene's application in an order filed March 1, 2021. Dkt. 8-1, at 22; Dkt. 8-6, at 10-16. Greene filed a postconviction appeal, and the OCCA issued an order on October 1, 2021, declining jurisdiction based on its determination that Greene did not properly perfect the appeal. Dkt. 8-7, at 2.

Greene filed the instant federal habeas petition on October 11, 2021,[4] asserting two claims. First, he claims the "Trial Court lacked jurisdiction to prosecute [him] because provisions of treaties between Muscogee Nation and United States reserve jurisdiction to Tribe or U.S." Dkt. 1, at 5. In support of this claim, he alleges his crimes occurred within the boundaries of the Muscogee (Creek) Nation Reservation and that unidentified treaties required that he be prosecuted by in tribal or federal court. Dkt. 1, at 5. Second, he claims the "Trial Court lacked jurisdiction because [he] is an Indian whose crimes occur[red] in Indian Country." Dkt. 1, at 7. As to this claim, he alleges he is "a descendant of a Cherokee Indian, 1/16 blood quantum" and he "was convicted of crimes committed within the boundaries of the Muscogee (Creek) Nation Reservation." Dkt. 1, at 7. Greene alleges these claims "did not ripen until July 9, 2020." Dkt. 1, at 6-7. In the section of the petition that asks Greene to explain why his claims are not barred by the one-year statute of

---

[4] The Clerk of Court received the petition on October 14, 2021. Dkt. 1, at 1. Applying the prison mailbox rule, the Court deems the petition filed on October 11, 2021, the date Greene declares, under penalty of perjury, he placed the petition in the prison's legal mail system. Dkt. 1, at 15; Rule 3(d), *Rules Governing Section 2254 Cases in the United States District Courts*.

4

limitations, he asserts he filed the petition "within [one] year of factual predicate to claim and lack of jurisdiction claim (equitable tolling)." Dkt. 1, at 13.

**B.      Legal framework**

The Antiterrorism and Effective Death Penalty Act (AEDPA) establishes a one-year statute of limitations for state prisoners seeking federal collateral review of a state-court judgment under 28 U.S.C. § 2254. The limitation period "run[s] from the latest of" one of four dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Regardless of which provision applies, the one-year limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Id.* § 2244(d)(2). An application for postconviction relief or other collateral review is "properly filed," for purposes of statutory tolling, "when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). But a properly filed application for postconviction relief or other collateral review tolls the limitation period only if it is filed before the one-year limitation period expires. *Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006). Because the AEDPA's one-year limitation period is not jurisdictional, federal courts may, in "extraordinary" circumstances, toll the limitation period for equitable reasons, *Holland v. Florida*,

560 U.S. 631, 645 (2010), or may, in "rare" cases, excuse noncompliance with the statute of limitations if the petitioner makes "a credible showing of actual innocence," *McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013).

**C.     Analysis**

In support of his request to dismiss the petition, Nunn contends Greene's petition is untimely under 28 U.S.C. § 2244(d)(1)(A), that *McGirt* did not provide Greene a later start date of July 9, 2020, for his one-year limitation period, and that Greene has not demonstrated that equitable tolling or an equitable exception is warranted under the facts of his case. Dkt. 8, at 4-9.

Liberally construing Greene's arguments, in his petition and response briefs, Greene contends the petition is timely under § 2244(d)(1)(A) because his judgment is "void" and thus cannot be "final," *McGirt* provided him a one-year limitation period commencing on July 9, 2020, under either § 2244(d)(1)(C) or § 2244(d)(1)(D), and, if the petition is untimely, this Court should apply equitable tolling. Dkt. 1, at 6-7, 13; Dkt. 9, at 1-3; Dkt. 10, at 1-2.

**1.     The petition is untimely under § 2244(d)(1)(A).**

The Court agrees with Nunn that the petition is untimely if § 2244(d)(1)(A) applies. Under § 2244(d)(1)(A), the one-year limitation period commences on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Because Greene's judgment rests on a conviction arising from his guilty plea and he did not move to withdraw his plea or file a certiorari appeal in the OCCA to challenge that judgment, his judgment became final on March 22, 2012, ten days after the trial court sentenced him, when the time expired for Greene to seek direct review. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (explaining when a judgment is final for purposes of § 2244(d)(1)(A)); *Clayton v. Jones*, 700 F.3d 435, 441 (10th Cir. 2012) (discussing Oklahoma law and noting that an "application to withdraw guilty plea and the evidentiary hearing are both

6

necessary and critical steps in securing [a certiorari] appeal" (quoting *Randall v. State*, 861 P.2d 314, 316 (Okla. Crim. App. 1993))). Greene's one-year limitation period, under § 2244(d)(1)(A), commenced the next day, March 23, 2012, and, absent any tolling events, would have expired on March 25, 2013.[5] *See Harris v. Dinwiddie*, 642 F.3d 902, 906 n.6 (10th Cir. 2011) (discussing computation of AEDPA's one-year limitation period).

As previously stated, Greene filed a motion for judicial review on December 28, 2012. Dkt. 8-1, at 9. Assuming Greene properly filed this motion he would be entitled to fifteen days of statutory tolling because the trial court denied the motion on January 11, 2013. Dkt 8-1, at 9. But this would have extended his AEDPA deadline only to April 8, 2013. And because Greene filed each of his three APCRs after this extended deadline expired, none further tolled this one-year limitation period. *Clark*, 468 F.3d at 714. Thus, even with the benefit of statutory tolling, the petition, filed October 11, 2021, is not timely under the one-year limitation period provided by § 2244(d)(1)(A).

Greene, however, resists the conclusion that his petition is not timely under § 2244(d)(1)(A). He contends that because the trial court allegedly lacked jurisdiction over his criminal prosecution, his criminal judgment is "void *ab initio*" and thus cannot be a "final" judgment that triggered the one-year limitation period under § 2244(d)(1)(A). Dkt. 10, at 1-2; *see, e.g.*, *Ex parte Reed*, 100 U.S. 13, 23 (1879) ("Every act of a court beyond its jurisdiction is void."). But even if Greene could show that the trial court lacked jurisdiction and that his judgment is thus "void," that does not mean that his judgment could not be "final" as that term is used in § 2244(d)(1)(A). Critically, the plain text of § 2244(d)(1)(A) provides that, for purposes of

---

[5] Greene's one-year limitation period would have expired on March 23, 2013, a Saturday, so he had until the following Monday, March 25, 2013, to file a timely federal habeas petition. Fed. R. Civ. P. 6(a)(1)(C).

7

triggering the one-year limitation period, a state-court judgment is "final" when the petitioner can no longer seek direct review of that judgment. 28 U.S.C. § 2244(d)(1)(A); *see Gonzalez*, 565 U.S. at 150 ("For petitioners who pursue direct review all the way to [the Supreme] Court, the judgment becomes final at the 'conclusion of direct review'—when [the Supreme] Court affirms a conviction on the merits or denies a petition for certiorari. For all other petitioners, the judgment becomes final at the 'expiration of the time for seeking such review'—when the time for pursuing direct review in [the Supreme] Court, or in state court, expires." (quoting 28 U.S.C. § 2244(d)(1)(A))). The end of direct review does not bar a collateral attack on an allegedly "void" judgment, either through state postconviction proceedings or federal habeas proceedings, but it does trigger the one-year limitation period under § 2244(d)(1)(A) for filing a federal habeas petition to collaterally attack the allegedly "void" judgment.

Based on the foregoing, and contrary to Greene's argument, the petition is untimely under § 2244(d)(1)(A). Unless Greene can demonstrate that his one-year limitation period began at a later date under a different provision of § 2244(d)(1) or that equitable tolling is warranted, the petition is barred by the statute of limitations.

  2.  *McGirt* **did not trigger a later commencement date under § 2244(d)(1)(C)**.

Greene contends his petition is timely under § 2244(d)(1)(C). Under that provision, the one-year limitation period begins on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Greene appears to argue that § 2244(d)(1)(C) provided him one year from July 9, 2020, the date of the *McGirt* decision, to file a timely federal habeas petition because the OCCA, in *State ex rel. Matloff v. Wallace*, 497 P.3d 686 (Okla. Crim. App. 2021), *cert. denied sub nom. Parish v. Oklahoma*, 142 S. Ct. 757 (Jan. 10, 2022), determined that *McGirt* announced "a new rule of

8

criminal procedure." Dkt. 9, at 1-2; *see also* Dkt. 1, at 6 (asserting that his claims "did not ripen until July 9, 2020"). In *Wallace*, the OCCA characterized *McGirt*'s holding as announcing a new rule of criminal procedure and concluded that *McGirt* and the OCCA's post-*McGirt* decisions recognizing the continued existence of certain reservations in Oklahoma would "not apply retroactively to void a final state conviction." *Wallace*, 497 P.3d at 689-94. However, to the extent Greene relies on *Wallace*'s determination that *McGirt* announced a new procedural rule, his reliance is misplaced. Section 2244(d)(1)(C) applies when the Supreme Court recognizes a new constitutional right, not when it announces a new rule of criminal procedure. And each federal district court in Oklahoma has rejected the argument that *McGirt* triggered a new one-year limitation period under § 2244(d)(1)(C) for asserting Indian-country jurisdictional claims because the *McGirt* Court did not recognize any new constitutional right when it determined that Congress has not disestablished the historical boundaries of the Muscogee (Creek) Nation Reservation. *See Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021) (unpublished); *Sanders v. Pettigrew*, No. CIV-20-350-RAW-KEW, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (unpublished); *Littlejohn v. Crow*, No. 18-CV-0477-CVE-JFJ, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) (unpublished); *Berry v. Braggs*, No. 19-CV-0706-GKF-FHM, 2020 WL 6205849, at *6-7 (N.D. Okla. Oct. 22, 2020) (unpublished). Because these cases are persuasive on this issue, the Court likewise rejects Greene's argument that his petition could be timely under § 2244(d)(1)(C).

    **3.**    **Even if § 2244(d)(1)(D) applies, the petition is untimely**.

Next. Greene contends the petition is timely because § 2244(d)(1)(D) gave him a later commencing one-year limitation period. Section 2244(d)(1)(D) provides that the one-year limitation period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

9

Greene appears to argue that, under this provision, his one-year period began on July 9, 2020, because the *McGirt* Court "adjudicate[d] a substantive fact, i.e. that the Muscogee (Creek) Nation reservation continues to exist; and that fact establishes the factual predicate to jurisdictional claims related to crimes committed on an Indian reservation, as here." Dkt. 9, at 2 (footnotes omitted); *see also* Dkt. 1, at 13 (suggesting he filed his petition within one year "of factual predicate"). But this argument fares no better than his last for two reasons.

First, this Court previously has rejected the proposition that the factual predicate of an Indian-country jurisdictional claim could not be discovered, with reasonable diligence, before *McGirt*. *See, e.g., Mitchell v. Nunn*, No. 21-CV-0442-GKF-CDL, 2022 WL 1272013, at *6 (N.D. Okla. Apr. 28, 2022); *see also Stiltner v. Nunn*, Case No. 21-CV-0374-GKF-CDL, 2022 WL 951997, at *5 (N.D. Okla. Mar. 29, 2022) (noting that § 2244(d)(1)(D) considers when a reasonably diligent prisoner could have discovered the factual predicate of the claim asserted and reasoning that a reasonably diligent state prisoner could have discovered the factual predicate of a claim challenging Oklahoma's jurisdiction over crimes committed in Indian country before *McGirt* was decided in 2020.).

Second, even assuming for the sake of argument that § 2244(d)(1)(D) applies, the facts of this case show that the petition is not timely because Greene challenged the trial court's alleged lack of jurisdiction before *McGirt* was decided in July 2020. As previously discussed, Greene first asserted his Indian-country jurisdictional claim in the appellate brief he filed in the OCCA in August 2017. Dkt. 8-2, at 1, 3, 6-7. In that brief, Greene alleged he is Native American and, relying on the Tenth Circuit's analysis in *Murphy I*, he further alleged that he committed his crimes in Tulsa County which, he alleged, is Indian country. Dkt. 8-2, at 6-7. Because Greene actually discovered the factual predicate of the claims he identifies in the instant petition as early as August 28, 2017, his petition, filed in October 2021, is not timely under § 2244(d)(1)(D).

Applying that provision, Greene's one-year limitation period would have commenced on August 28, 2017, the date he first asserted his Indian-country jurisdictional claim and signed an affidavit alleging facts to support that claim. This limitation period would have been immediately tolled because Greene's postconviction appeal from the denial of his first APCR was then pending in the OCCA. The OCCA denied his application on March 21, 2018. Dkt. 8-3, at 2. Five days later, Greene filed his second APCR and his one-year limitation period was tolled until November 7, 2018, when the OCCA denied his postconviction appeal from the denial of the second APCR. Dkt. 8-5, at 2. At that point, Greene had 360 days, or until November 1, 2019, to file a timely federal habeas petition asserting his challenges to the trial court's criminal jurisdiction. Greene did not file a federal habeas petition or seek further review in state court before the November 1, 2019 deadline expired. And he filed his third APCR on July 17, 2020, which was too late to toll this already expired one-year limitation period. *Clark*, 468 F.3d at 714. Thus, even if the Court accepts Greene's argument that § 2244(d)(1)(D) provided him a later commencement date for his one-year limitation period, the instant petition is untimely.

        **4.**         **Equitable tolling is not warranted in this case**.

Regardless of whether the Court calculates Greene's one-year limitation period under § 2244(d)(1)(A) or § 2244(d)(1)(D), the petition is untimely. Greene asserts, however, that he "is entitled to equitable tolling because of the extraordinary general misunderstanding between federal authorities and state authorities as to whether any reservations continued to exist in Oklahoma," a misunderstanding that he alleges "was not cleared up until the *McGirt* decision." Dkt. 9, at 3. Green further alleges that he has diligently pursued his Indian-country jurisdictional claim since the Tenth Circuit issued its decision in *Murphy I*. Dkt. 9, at 3.

Equitable tolling is available only when extraordinary circumstances prevented an individual prisoner exercising reasonable diligence from filing a timely federal habeas petition.

11

*Holland*, 560 U.S. at 649. Even accepting that *McGirt* significantly altered the understanding of the allocation of criminal jurisdiction in Oklahoma,[6] and crediting Greene's efforts to raise his claims in state court, applying equitable tolling in this situation would effectively turn the doctrine of equitable tolling into a judicially-created equitable exception to § 2244(d)(1)'s one-year statute of limitations for all Oklahoma prisoners who were purportedly tried by a state court that lacked criminal jurisdiction. This would be contrary to the well-established principle that "[e]quitable tolling is a rare remedy to be applied in unusual circumstances, not a cure-all for an entirely common state of affairs." *Wallace v. Kato*, 549 U.S. 384, 396 (2007).

To date, the Supreme Court has created only one "equitable exception" to the one-year statute of limitations by permitting prisoners who assert a credible claim of actual innocence to obtain habeas review of untimely claims. *Perkins*, 569 U.S. at 392. Even applying the rule of liberal construction, the Court does not discern any argument from Greene suggesting he is actually innocent of the crimes he pleaded guilty to committing. Instead, Greene argues that he was wrongly prosecuted in state court because Oklahoma lacked criminal jurisdiction over the crimes he committed in Indian country. These circumstances do not support Greene's request for equitable tolling.

**D.   Conclusion**

Based on the foregoing analysis, the Court concludes that 28 U.S.C. § 2244(d)(1)'s one-year statute of limitations bars relief as to the claims raised in Greene's petition for writ of habeas corpus. The Court therefore grants Nunn's motion to dismiss the petition and dismisses the petition, with prejudice, as barred by the statute of limitations. The Court further concludes that

---

[6] This Court previously acknowledged *McGirt*'s impact on the understanding of Oklahoma's criminal jurisdiction, but also recognized that "Indian-country jurisdictional claims did not spring into existence" with the 2020 decision in *McGirt* or the 2017 decision in *Murphy I*. *Mitchell*, 2022 WL 1272013, at *6.

the statute of limitations presents a clear procedural bar and thus declines to issue a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Nunn's motion to dismiss (Dkt. 7) is **granted**.

2. The petition for writ of habeas corpus (Dkt. 1) is **dismissed with prejudice** as barred by the statute of limitations.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered in this matter.

**DATED** this 6th day of June 2022.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE